IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Phillip Douglas Jacobs,                          Case No. 3:15CV1126

         Petitioner

       v.                                          **ORDER**

Jason Bunting, Warden,

         Respondent

This is a state prisoner's habeas corpus case under 28 U.S.C. § 2254.

The petitioner, Phillip Douglas Jacobs, is an inmate at the Marion Correctional Center in Marion, Ohio, where he is serving life sentences for: 1) convictions, in the Common Pleas Court of Mahoning County, of felonious assault and aggravated robbery; and 2) a murder conviction in the Common Pleas Court of Preble County.

Phillips has sought habeas relief from these convictions before, though unsuccessfully. *Jacobs v. Morris*, 924 F.2d 1058 (6th Cir. 1991) (table); *Jacobs v. Engle*, No. C-3-80-172, Doc. 53 (S.D. Ohio).

Pending are Jacobs's latest petition for habeas relief (Doc. 1), an amended petition (Doc. 4), and a motion for leave to file a second amended petition (Doc. 5). These filings come in the wake of the Ohio Parole Board's decision, in August, 2014, to deny Jacobs parole. (Doc. 1-2 at 2).

Jacobs's petition raises four claims: 1) as a result of the Parole Board's decision, Jacobs was "convicted without being indicted or given notice of the charge . . . and without an attorney – and without a judge or jury"; 2) the indictment in the Mahoning County case failed to charge the offense

of "aggravated robbery-felonious assault"; 3) his Mahoning County convictions violate the Double Jeopardy Clause; and 4) ineffective assistance of appellate counsel on appeal from the Mahoning County convictions. (Doc. 1 at 4, 9, 15).

Before I can consider those claims, I must determine whether I have subject-matter jurisdiction over Jacobs's petition.

A state prisoner may not file a "second or successive" habeas petition without prior approval from the court of appeals. 28 U.S.C. § 2244(b)(3); *In re Sims*, 111 F.3d 45 (6th Cir. 1997). Absent such authorization, I have no jurisdiction to consider a "second or successive" petition.

Not all second-in-time petitions are, however, "second or successive." Rather, a petitioner may file a second § 2254 petition without the court of appeals's permission "where an event transpired after the initial petition was filed . . . which caused a previously unripe claim to mature factually." *Petaway v. U.S.*, --- F. Supp. 3d ----, 2015 WL 2365458, *1 (N.D. Ohio).

Here, it is undisputed Jacobs has filed habeas petitions challenging his Mahoning and Preble County convictions, and that those petitions failed on the merits. The claims he wishes to raise now, in an effort to undo those convictions, were available to Jacobs when first seeking habeas relief. Finally, the docket contains no indication Jacobs has obtained the Sixth Circuit's leave to file the present petition.

Accordingly, his petition is, to the extent it attacks the Mahoning County and Preble County convictions, second or successive, and I may not adjudicate it.

To the extent the petition challenges the denial of parole, however, it is not second or successive.

That part of the petition does not challenge the validity of Jacobs's underlying state-court convictions.

Moreover, the contested parole denial did not occur until August, 2014 – decades after Jacobs litigated his two previous habeas petitions. Consequently, claims arising from that denial were not ripe – indeed, they did not exist – at the time of his earlier filings. *Petaway*, *supra*, --- F. Supp. 3d at ----, 2015 WL 2365456, *2 ("what makes a claim unripe, at least for purposes of the exception to the bar on second or successive motions, is that the factual predicate was not mature" at the time of the first filing).

I therefore agree with the circuit courts that have held a claim based on a wrongful denial of parole is not "second or successive, and therefore not subject to the § 2244(b) gatekeeping requirements, if the prisoner did not have an opportunity to challenge the state's conduct in a prior § 2254 petition." *Restucci v. Bender*, 599 F.3d 8, 10 (1st Cir. 2010); *see also James v. Walsh*, 308 F.3d 162, 168 (2d Cir. 2002) (same); *Pennington v. Norris*, 257 F.3d 857, 858-59 (8th Cir. 2001) (same); *compare In re Marsch*, 209 F. App'x 481, 483 (6th Cir. 2006) (state prisoner's second-in-time petition challenging parole denial was "second or successive" because factual predicate of claim pertaining to parole denial was available when prisoner filed first petition).

That being said, Jacobs is not entitled to habeas relief with respect to the Ohio Parole Board's decision in his case.[1]

---

[1] It does not appear that Jacobs has exhausted his parole-related claim in the Ohio courts. *Cf. Woodson v. Ohio Adult Parole Auth.*, 2002-Ohio-6630, ¶9 (Ohio. App.) (prisoner may file declaratory-judgment action alleging "his parole was denied for a constitutionally impermissible reason"). I can dispense with the exhaustion requirement for now, as Jacobs's claim is meritless. 28 U.S.C. § 2254(b)(2) ("An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State.").

3

The Board gave this rationale for denying parole:

Inmate Jacobs was on parole for murder when he came back to prison after committing an additional violent crime. He is a multi-state offender with a lengthy history of violence to include [*sic*] another homicide in another state. Inmate Jacobs refused to appear at his most recent hearing two times and will not provide the Board with any potential release plans. He has also been to segregation since his hearing. The Board has determined that a release would not be in the best interest of society.

(Doc. 1-2 at 2).

Jacobs's habeas petition does not take issue with the factual basis for the Board's decision, nor the procedures it used in reaching its decision.

Rather, he contends the Board's denial of parole was tantamount to an "unlawful and unconstitutional conviction." (Doc. 1 at 4). In the same vein, he alleges "the 12-member Parole Board Panel . . . convicted [him] and gave him a sentence of Life without parole, or a death sentence." (*Id.* at 5).

There is no basis in law or fact for Jacobs's claim. The denial of parole was simply that: a decision by the Board that, in light of Jacobs's history of criminal conduct and unwillingness to participate in the parole process, Jacobs is not yet fit to be released among the general public and must continue to serve his lawfully imposed sentences.[2]

Jacobs has therefore failed to show the denial of parole violated his constitutional rights. 28 U.S.C. § 2254(a).

---

[2] Nor is there any basis in the record to support Jacobs's contention the Board sentenced him to an additional five-year prison term "for a crime of sexual abuse and harassment." (Doc. 1 at 5). While one portion of the Board's decision indicates "60 months" under a header that reads "Remaining Time to be Served," this is only a reference to the sixty months until Jacobs's next parole hearing, in August, 2019. (Doc. 1-2 at 2).

It is, therefore

ORDERED THAT:

1. Jacobs's motion for leave to proceed in forma pauperis (Doc. 2) be, and the same hereby is, granted;

2. The clerk of court transfer Jacobs's petition for a writ of habeas corpus (Doc. 1) and a copy of this order to the U.S. Court of Appeals for the Sixth Circuit, in accordance with *In re Sims*, 111 F.3d 45 (6th Cir. 1997);

3. To the extent Jacobs seeks relief from the August, 2014, denial of parole, his petition (Doc. 1) be, and the same hereby is, denied;

4. No certificate of appealability will issue, as reasonable jurists could not debate Jacobs has failed to make a substantial showing of the denial of a constitutional right; and

5. Jacobs's motion for leave to file a second amended petition (Doc. 5) be, and the same hereby is, denied as moot.

So ordered.

/s/ James G. Carr
Sr. U.S. District Judge